UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
JULIO PERALTO, *individually and on behalf* :
*of C.P.*,                                                     :
                                              :
                                 Plaintiffs,  :          25-CV-1118 (VSB)
                                              :
              - against -             :          **OPINION & ORDER**
                                              :
NEW YORK CITY DEPARTMENT OF           :
EDUCATION, *et al.*,                               :
                                              :
                                 Defendants.  :
------------------------------------------------------------X

Appearances:

Kenneth Willard
Lisa K. Eastwood
Rory J. Bellantoni
Liberty & Freedom Legal Group
New York, NY
*Counsel for Plaintiffs*

Jordan Doll
New York City Law Department
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff, Julio Peralto, is the parent and guardian of a student with disabilities who brought suit under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Plaintiff seeks a preliminary injunction requiring Chancellor Melissa Aviles-Ramos and the New York City Department of Education (the "DOE," and together with Aviles-Ramos, the "Defendants"), to immediately fund various school-related expenses for his child during the pendency of his administrative and judicial proceedings. Plaintiff's Motion for Preliminary Injunction was filed on February 28, 2025 and briefing concluded on March 25, 2025. (*See*

Docs. 7, 8, 13, 14, and 18.) Because Plaintiff has failed to demonstrate that he is entitled to an "automatic preliminary injunction" under Section 1415(j) of the IDEA, or that he would suffer "irreparable harm," his motion for a preliminary injunction is DENIED.

### I.     Notice of Appeal

On June 5, 2025, the Court denied Plaintiff's request for an immediate conference (the "June 5, 2025 Order") regarding Defendants' purported noncompliance with certain reimbursement and funding provisions of the pendency orders because "the IDEA's pendency provision 'does not create a procedural right to immediate payment, at least not absent a showing that a child's placement will be put at risk.' 'Absent a showing that the student[] [is] at risk of losing their pendency placements, money damages can provide an adequate remedy in the underlying suit.'" (Doc. 26 (first quoting *Mendez v. Banks*, 65 F.4th 56, 64 (2d Cir. 2023); then quoting *Ogunleye v. Banks*, No. 23-CV-9092, 2025 WL 1078301, at *2 (S.D.N.Y. Mar. 27, 2025)).) The June 5, 2025 Order further noted that "Plaintiff ha[d] not shown in th[at] letter or otherwise that there is a risk that [his child] will lose their pendency placements." (*Id.*)

On June 26, 2025, the Court advised the parties that the "June 5, 2025 Order, (Doc. 26), did not resolve Plaintiff's application for a preliminary injunction" and that "[a] decision on that application will issue in due course." (Doc. 30.) Nonetheless, on July 10, 2025, Plaintiff filed a Notice of Interlocutory Appeal of the Court's June 26, 2025 Order, claiming that it "effectively denied Plaintiff's motion for a preliminary injunction." (Doc. 33.)

The Court retains jurisdiction to consider Plaintiff's Motion for Preliminary Injunction notwithstanding Plaintiff's Notice of Interlocutory Appeal. "Ordinarily, an appeal divests a district court of jurisdiction. An exception, however, applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for

an interlocutory appeal." *Gortat v. Capala Bros.*, No. 07-CV-3629, 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008), *aff'd*, 568 F. App'x 78 (2d Cir. 2014).  These circumstances are present here.  The June 5, 2025 Order denied Plaintiff's request for an immediate conference and granted Defendants' request for an extension of time to respond to the Complaint, and the June 26, 2025 Order stated that the June 5, 2025 Order "did not resolve Plaintiff's application for a preliminary injunction."  (Docs. 26, 30.)  Thus, the Court's June 26, 2025 Order was not a final, appealable decision within the meaning of 28 U.S.C. § 1291 because it did not conclusively determine Plaintiff's Motion for Preliminary Injunction.  *See United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("Final decisions are those that end the litigation on the merits, leaving nothing for the court to do but execute the judgment.").  "Because Plaintiff has attempted to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective, and this Court retains jurisdiction over this action." *Talal v. Sup. Ct. of N.Y. Cnty.*, No. 22-CV-1476, 2022 WL 826324, at *1 n.2 (S.D.N.Y. Mar. 18, 2022).  *See also Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction).  The June 26, 2025 Order also has not been certified for interlocutory appeal.

## II. Preliminary Injunction

Plaintiff alleges that the DOE has failed to pay his child's tuition at the International Academy for the Brain ("iBRAIN"), transportation services provided by Sister's Travel and Transportation Services, LLC ("Sister's Travel"), and nursing costs for the 2023–2024 and 2024–2025 school years, as required by his pendency placement.[1]  (Doc. 1 at 14.)  The DOE did

---

[1] Plaintiff seeks to modify the October 29, 2024 Pendency Order (Doc. 1-3) to require Defendants to pay for his child's "special transportation services, as per the transportation contract the Plaintiff entered with the private transportation agency, Sisters, retroactive to the filing of the DPC for the 2023–2024 SY on June 25, 2024." (Doc. 1 at 14.)

3

not contest that it was obligated to pay the tuition and nursing services pursuant to the Pendency Order; it argued instead that it had already processed necessary payments for the student's tuition and nursing pursuant to the October 29, 2024 Pendency Order up to March 31, 2025 and that it was "willing to cooperate with Plaintiff to resolve transportation." (Doc. 13 at 4, 6; *see also* Doc. 14 at 2.) Plaintiff disputes DOE's assertions that it is current on payments because Plaintiff's tuition and nursing services agreements require full payment for the 2024–2025 school year by January 2, 2025. (Doc. 1-2 at 23, 37.)

To obtain a preliminary injunction, Plaintiffs must show that they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (internal quotation marks omitted).

Plaintiff contends that Section 1415(j) of the IDEA provides an "automatic preliminary injunction" that displaces the traditional preliminary injunction standard. *See Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 696 (S.D.N.Y. 2006) ("Pendency has the effect of an automatic injunction, which is imposed without regard to such factors as irreparable harm, likelihood of success on the merits, and a balancing of the hardships."). That provision, however, "does not create a procedural right to immediate payment, at least not absent a showing that a child's placement will be put at risk." *Mendez*, 65 F.4th at 64.

No such risk is present here, and Plaintiff does not argue otherwise. Plaintiff cites certain placement costs that have not yet been paid, but he fails to demonstrate or even argue that the

4

student's ability to "remain" in his placement is in danger or that the student is at risk of losing services. 20 U.S.C. § 1415(j). Significantly, the DOE has since made the necessary payments for the student's tuition and nursing services pursuant to the October 29, 2024 Pendency Order up to March 31, 2025.[2] (Doc. 13 at 4.) In light of these payments, there is no reason to believe that the student is in danger of losing transportation services. This conclusion is supported by the fact that the record is devoid of evidence suggesting that Sister's Travel stopped providing transportation services to the student or that Sister's Travel may no longer be able to provide transportation services to the student. Moreover, the school year in dispute related to the Pendency Order is over. I therefore conclude that the student's pendency placement is not at risk. Accordingly, Plaintiff is not entitled to an "automatic preliminary injunction" under Section 1415(j) or immediate payment.

      Plaintiff's claims also fail under the traditional preliminary injunction standard because he has not demonstrated the most important factor: a threat of irreparable harm. *See Reuters Ltd.*, 903 F.2d at 907. Absent a showing that the student is at risk of losing his pendency placement, money damages can provide an adequate remedy in the underlying suit. *See Mendez v. Banks*, No. 22-CV-8397, 2022 WL 6807537, at *1 (S.D.N.Y. Oct. 11, 2022) ("Because this dispute is about educational funding—not educational placements—Plaintiffs are unable to show that their harm is irreparable." (emphasis omitted)), *aff'd*, 65 F.4th 56 (2d Cir. 2023). Because Plaintiff has failed to demonstrate his entitlement to an "automatic preliminary injunction" or a threat of irreparable harm, the motion for a preliminary injunction is DENIED.

---

[2] Although Plaintiff argues that the DOE's payments were due and owing by January 2, 2025 pursuant to the enrollment agreement between iBRAIN and Plaintiff, I need not wade into the merits of this dispute given my conclusion that the student is not at risk of losing his pendency placement.

      The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 7.

SO ORDERED.

Dated:   July 15, 2025  
            New York, New York

                                                                           _____  
                                                                            VERNON S. BRODERICK  
                                                                            United States District Judge